IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BROWN BROWN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CV-00112 (WLS) |
| | : | |
| GOVERNOR'S OFFICE FOR THE STATE OF GEORGIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**ORDER**

Before the Court are the following five submissions from Plaintiff, proceeding pro se: Motion to Amend the Complaint (Doc. 2); Motion to Proceed Pseudonymously (Doc. 3); Motion for DNA Testing (Doc. 4); Motion for Leave to Appeal In Forma Pauperis (Doc. 5); and Motion for an Immediate Hearing or Pre-Trial conference (Doc. 6).

Before addressing these motions, however, the Court first addresses the issue of service. Plaintiff has not served the Defendants in this above-styled action. (*See generally* the docket). Federal Rule of Civil Procedure 4(m) requires that service of the summons and Complaint be made upon defendants within 90 days of the filing of the Complaint. But if service has not been accomplished within those 90 days, the Court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure, Rule 4 requires the court to extend the time for service for an appropriate period. *Id.*

1

Here, Plaintiff filed his Complaint on October 18, 2022. (Doc. 1). This means that Plaintiff had to serve his Complaint and summons upon Defendants by January 16, 2023. According to the docket, no service of summons and Complaint on Defendants was made, and there is no indication that Plaintiff even attempted to serve Defendants. Thus, pursuant to Rule 4(m), the Court will grant Plaintiff fourteen (14) days after entry of this Order to show cause why his case should not be dismissed without prejudice against all Defendants. If and once Plaintiff shows good cause for the failure of service, the Court will extend the time to serve summons and Complaint on Defendants for an appropriate period. FED. R. CIV. P. 4(m). Failure to timely respond to this Order as directed may result in Plaintiff's Complaint being dismissed without prejudice as to all Defendants without further notice. The Court now turns to the six pending motions submitted by Plaintiff.

**I.      MOTION TO AMEND COMPLAINT (Doc. 2)**

Federal Rule of Civil Procedure 15(a) provides:

(1) A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(1)-(2).

As explained above, Plaintiff has not served summons and his Complaint to Defendants yet. Thus, Rule 15(a)(1) does not apply in this situation and does not permit Plaintiff to amend his pleading. On the other hand, Rule 15(a)(2) provides that in "[i]n all other cases, a party may amend its pleading only with. . . the court's leave." However, the

2

Court denies leave to amend the pleading in this instant matter because upon initial review of the Amended Complaint, the Court finds that it is a shotgun pleading, just like his Complaint, and thus, equally futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (finding that a court is required to freely give leave under Rule 15(a)(2) when justice so requires unless there is substantial reason to deny it, such as if the complaint "as amended would still be properly dismissed. . . ."); *see also Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (explaining that shotgun pleadings are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket"); *So. Beach Hotel, LLC. v. Molko,* No. 09-21393-CIV, 2009 WL 10667895, at *3 (S.D. Fla Oct. 14, 2009) ("A district court should not deny leave to amend unless. . . the amendment would prove futile").

At any rate, what appears to be most imperative for Plaintiff is to properly serve Defendants with a copy of his Complaint and summons and to provide proof of that service. Thereafter, Plaintiff will be given another opportunity to file a motion to amend his Complaint with the current deficiencies corrected. Therefore, Plaintiff's Motion to Amend Complaint (Doc. 2) is **DENIED without prejudice**.

## II.     MOTION TO PROCEED PSEUDONYMOUSLY (Doc. 3)

Plaintiff filed the instant Motion to Proceed Pseudonymously (Doc. 3) on December 5, 2022, arguing that the case involves matters that are "highly sensitive and of a personal nature" and that he is "vulnerable to the harms of disclosure" because "defendants have vowed to continue to harass the plaintiff." (*Id.*) He further asserts that he is "experiencing intense humiliation and embarrassment due to the publication of the material" and he may experience "further harm" if his motion to proceed pseudonymously is not granted. (*Id.*)

3

Thus, Plaintiff has filed his Complaint under a fictious name "Brown Brown" and is requesting to continue to proceed under this name.

Federal Rule of Civil Procedure 10(a) requires that every pleading in federal court "must name all the parties." FED. R. CIV. P. 10(a). This rule protects the public's legitimate interest in knowing all the facts involved, including the identifies of the parties. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). The test for allowing a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right, which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* Permitting a plaintiff to proceed pseudonymously is an "exceptional case." *Id.* Therefore, a judge must consider all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity yields to the plaintiff's privacy concerns. *Id.* at 323.

Here, after an initial review of Plaintiff's Complaint, the Court does not find justification to permit Plaintiff to proceed anonymously. Specifically, the Complaint is a shotgun pleading as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach City Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Thus, due to the Complaint's disorganized nature and only conclusory assertions in support of the motion, the Court is unable to fully assess and determine whether Plaintiff has substantial privacy rights that may allow him to proceed under a fictitious name or otherwise has the justification to proceed anonymously. The Court does not find upon the Complaint and Plaintiff's Motion that there is just reason to grant Plaintiff's Motion. Thus, Plaintiff's Motion to Proceed Pseudonymously (Doc. 3) is **DENIED without prejudice**.

### III.     MOTION FOR DNA TESTING (Doc. 4)

On December 22, 2022, Plaintiff filed the instant Motion for DNA Testing, requesting the Court to order a DNA testing to determine the paternity of ZF, one of the fifty Defendants named on the docket. (Doc. 4). According to the docket, ZF is a minor, and Plaintiff is asking the Court to order a DNA test to determine the paternity of ZF. (Doc. 4, at 1). Plaintiff asserts that he is trying to prove that he "did not have sexual relations" with one of the Defendants. (*Id.*) Plaintiff also requests the DNA test to be "prepared and processed by a Federal laboratory" because of the "excessive number of fraudulent DNA test reports by private companies." (*Id.*)

After reviewing the Motion (Doc. 4), it appears to the Court that Plaintiff is perhaps referring to other legal proceedings that may have occurred outside of this Court. The Court's authorization to consider such is strictly limited. In addition, Plaintiff's request to confirm whether he is the biological father of ZF in this instant matter does not appear to arise under federal law. 28 U.S.C. § 1331. Moreover, family law matters are generally best left to state courts. *Rose v. Rose*, 481 U.S. 619, 625 (1987); *Carver v. Carver*, 954 F.2d 1573, 1578 (11th Cir. 1992). In any case, without service having been effectuated or discovery initiated, if at all appropriate, Plaintiff's Motion is premature. Accordingly, Plaintiff's Motion for DNA testing is **DENIED without prejudice**.

### IV.     MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 5)

Questionably, Plaintiff filed a Motion for Leave to Appeal In Forma Pauperis on January 13, 2023. (Doc. 5). But Plaintiff has not stated or indicated what issues he intends to appeal in that Motion. (*Id.* at 1). Since no rulings or orders have been heretofore issued by this Court prior to entry of this instant Order and no Defendant has been served, there is no

issue to be appealed. (*See* the docket; FED. R. APP. P. 24(a)(1)(A) ("[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: . . . *states the issues that the party intends to present on appeal*) (emphasis added).

On another note, for the pro se Plaintiff to bring this action in forma pauperis, Plaintiff must make two showings. First, pursuant to Federal Rule of Appellate Procedure 24, the party seeking leave to appeal in forma pauperis must file a motion and affidavit that establishes the party's inability to pay fees and costs. Second, the appeal must be taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

To fulfill the first requirement, Plaintiff had to submit an affidavit that includes a statement of all his assets, which shows an inability to pay the filing fee, and a statement of the nature of the action that shows Plaintiff is entitled to redress. 28 U.S.C. § 1915(a)(1). Here, according to the docket, Plaintiff has already paid the $402 fee for filing his Complaint, which shows that Plaintiff may not appeal (although there is nothing to appeal at the moment in this instant matter) in forma pauperis. (*See* the docket); (Doc. 1). Therefore, Plaintiff's Motion for Leave to Appeal In Forma Pauperis is **DENIED without prejudice as moot**.

### V.    MOTION FOR AN IMMEDIATE HEARING OR PRE-TRIAL CONFERENCE (DOC. 6)

On March 17, 2023, Plaintiff filed the instant Motion for an Immediate Hearing or Pre-Trial Conference (Doc. 6). As already mentioned above, Defendants have not been served, and thus, there cannot be a hearing or conference in this above-styled case and certainly not a

pretrial conference. Therefore, Plaintiff's Motion for an Immediate Hearing or Pre-Trial Conference is **DENIED without prejudice as moot**.

## CONCLUSION

In sum, pursuant to Rule 4(m), the Court will grant Plaintiff **fourteen (14) days** after entry of this Order to show cause why his case should not be dismissed against all Defendants for failure to perfect service pursuant to Rule 4(m). If and once Plaintiff shows good cause for the failure of service, the Court will extend the time for Plaintiff to serve summons and Complaint on Defendants for an appropriate period. FED. R. CIV. P. 4(m). Plaintiff's Complaint is subject to dismissal without further notice, if Plaintiff fails to timely comply with this Order.

Moreover, Plaintiff's Motion to Amend Complaint (Doc. 2) is **DENIED without prejudice**. Plaintiff's Motion to Proceed Pseudonymously (Doc. 3) and Motion for DNA Testing (Doc. 4) are **DENIED without prejudice.** Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 5) and Motion for Immediate Hearing or Pre-Trial Conference (Doc. 6) are **DENIED without prejudice as moot**.

**SO ORDERED**, this __21st__ day of April 2023.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**