**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| LARRY THOMAS | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:22-CV-00112 (WLS) |
| | : | |
| GOVERNOR'S OFFICE FOR THE | : | |
| STATE OF GEORGIA, *et al.*, | : | |
| | : | |
|     Defendants. | : | |
| | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is Plaintiff Thomas's Response (Doc. 9)[1] to the Court's Order, filed

on May 10, 2023. Therein, Plaintiff, proceeding pro se, requests the Court for an extension

of time of 90 days to serve his Complaint on all Defendants involved in this case. (Doc. 9).

Previously, the Court entered an Order (Doc. 7) directing the Plaintiff to show cause

as to why Plaintiff's case should not be dismissed against Defendants for his failure to

perfect service on the Defendants pursuant to Rule 4(m). The Order further provided that if

and once Plaintiff shows good cause for failure of service, the Court will extend the time for

Plaintiff to serve a summons and the Complaint on the Defendants for an appropriate

period. FED. R. CIV. P. 4(m). The Court allowed Plaintiff fourteen days after entry of the

Order to show cause. (Doc. 7).

---

[1] According to the docket and the Court's review of Plaintiff's Response (Doc. 9), the Response has not been personally signed by Plaintiff, which is required pursuant to Federal Rule of Civil Procedure 11(a). The docket provided a Notice to Plaintiff on May 10, 2023, to re-file the Response with his signature within 21 days and that failure to comply with the notice may result in dismissal of Plaintiff's case. Accordingly, Plaintiff has until Wednesday, May 31, 2023, to refile his Response with his signature.

Although the Order (Doc. 7) was entered on April 21, 2023, the docket shows that Plaintiff called the Clerk to state that he did not receive the copy of the Order that was mailed to him via United States Postal Service. (Doc. 8). Thus, the Clerk mailed Plaintiff another copy of the Order (Doc. 7) on May 1, 2023. (Doc. 8). Thereafter, Plaintiff filed his Response (Doc. 9) to the Court's Order on May 15, 2023, as directed by the Order.

Federal Rule of Civil Procedure 4(m) requires Plaintiff to serve process on Defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). If Plaintiff has not done so, the Court—on motion or on its own after notice to the Plaintiff—must dismiss the action without prejudice against Defendants or order that service be made within a specified time. *Id.* However, if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period. *Id.*

In his Response (Doc. 9), Plaintiff cites to various federal rules and statutes in an attempt to explain why Defendants in this action have not yet been served. It appears that Plaintiff is attempting to assert that it is the Clerk's fault that Defendants have not been served. (Doc. 9). Similar to his Complaint (Doc. 1), the Court finds his Response to be difficult to understand. However, the Court reminds Plaintiff that <u>Plaintiff himself</u> is responsible for serving Defendants with a summons and the Complaint after filing his lawsuit. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

Additionally, because Plaintiff is proceeding pro se and because he responded to the Court's Order as directed just a few days after the Order was mailed to him for the second time on May 1, 2023, the Court shall exercise its discretion and extend the time for service. FED. R. CIV. P. 4(m); *see Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1282 (11th Cir. 2005).

2

However, the Court does not find Plaintiff's requests for an extension of 90 days to be reasonable. In light of the time that Plaintiff had since filing his Complaint in October of 2022, the Court shall permit Plaintiff sixty (60) days after entry of this Order to serve a summons and the Complaint on all Defendants. If Plaintiff fails to serve a summons and the Complaint on Defendants in compliance with the applicable Federal Rule, his case may be dismissed without prejudice under Rule 4(m) without further notice.

## CONCLUSION

For reasons stated above, Plaintiff's request for extension of time to serve Defendants (Doc. 9)[2] is **GRANTED-IN-PART**. Plaintiff must serve a summons and the Complaint on Defendants pursuant to Federal Rule 4(m) within sixty (60) days after entry of this instant Order. As noted above and important to note, Plaintiff is responsible for serving Defendants with a summons and the Complaint within those sixty (60) days. Failure to do so may result in Plaintiff's case being dismissed without prejudice under Rule 4(m). FED. R. CIV. P. 4(m) without further notice.

**SO ORDERED**, this __12th__ day of May 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] As noted above and explicitly stated in the Notice dated May 10, 2023 on the docket, Plaintiff must re-file his signed Response by Wednesday, May 31, 2023, pursuant to Federal Rule of Civil Procedure 11(a). *Supra*, footnote 1.