IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LARRY THOMAS : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CASE NO.:  7:22-CV-00112 (WLS) |
| : | |
| GOVERNOR'S OFFICE FOR THE : | |
| STATE OF GEORGIA, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

The Court has been notified by the Clerk of Court as to Plaintiff's behaviors towards Deputy Clerk of this Court. Among others, the Clerk informed the Court that Plaintiff has shown up at the Clerk's office on several occasions, stayed for hours, ordered the Clerk to issue summons to additional Defendants[1], has engaged in verbal harassment towards her and the Chief Deputy Clerk of the Middle District of Georgia, and has also demanded phone numbers and contact information as to the Court's law clerks and staff.

"District Courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Newcome v. Hernando Cnty. Sheriff's Off.*, No. 8:21-cv-2171-TPB-TGW, 2023 WL 3197874, at *1 (M.D. Fla. May 2, 2023) (citing *Fuery v. City of Chicago*, 900

---

[1] The Court has been informed that Plaintiff frequently attempts to add new Defendants, who have not been named in his Amended Complaint (Doc. 20), and often demands the Clerk to add these new Defendants to the lawsuit whenever he visits the Clerk.

1

F.3d 450, 452 (7th Cir. 2018)). "Disrespectful, rude, and disruptive behavior cannot be tolerated." *Id.* (internal citations omitted).

Although Plaintiff is proceeding pro se, his pro se status does not permit him to engage in harassment or bad behavior. *See id.* That is, Plaintiff may not repeatedly show up to the Clerk's office and engage in verbal harassment towards the Clerks.

For purposes of clarity, the Court reminds and informs the Plaintiff that the Clerk's Office employees may only act in their proper capacity; that is, the Clerk and Deputy Clerks are <u>not</u> permitted to give legal advice or personally aid any party in their dealings with them outside of their proper roles, including giving personal contact information of the employees of the Court, except as specifically authorized matters in their official capacity. 28 U.S.C. § 955; *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276 (11 Cir. 2008) (noting that the Court nor its staff can provide legal assistance or act as counsel to a party merely because of their pro se status); *Guide for Self-Represented Litigants*, U.S. DIST. CT. MIDDLE DIST. OF GA 5 (Rev. Dec. 2022) https://www.gamd.uscourts.gov/sites/gamd/files/GuideForSelfRepresentedLitigants.pdf (advising pro se litigants that the clerk's office is forbidden by law from giving them legal advice, such as interpretation of rules, recommending a course of action, predicating a judicial officer's decision, and interpreting the meaning or effect of a court's order or judgment). Additionally, the Parties may not contact the Court or its employees *ex parte* or outside the proper proceeding. M.D. GA. L.R. Standard of Conduct Rule B(9)(a)-(c); *Moon v. Newsome*, 863 F.2d 837 (11th Cir. 1989) (finding that once a pro se litigant is in court, he is subject to the relevant law and rules of the court, and these rules provide for sanctions for misconduct and for failure to comply with court orders).

The consequences of violating these Rules involve sanctions, aimed to deter inappropriate and unprofessional conducts and documents, such as striking Plaintiff's pleading, restricting his visits to the Clerk's office, imposing monetary sanctions, and the power of contempt. *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1308 (11th Cir. 2002); *see also In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1280 (11th Cir. 2009) (noting a federal court's inherent powers include "the power to control and discipline attorneys [and parties] appearing before it"); *Newcome*, 2023 WL 3197874, at *1 (citing *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986)).

The purpose of this Order is to notify and clarify the Parties' appropriate, general conduct and interaction with the Clerk's office in the proceeding of the pending action, in the event that the pro se Plaintiff is unaware of the rules, to avoid the imposition of sanctions, and to inform the pro se Plaintiff of the possible consequences of improper or harassing conduct. Pro Se Plaintiff is so informed and **ORDERED** to comply and conform his conduct.

**SO ORDERED**, this __11th__ day of July 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**