IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CV-00112 (WLS) |
| | : | |
| GOVERNOR'S OFFICE FOR THE STATE OF GEORGIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is pro se Plaintiff Thomas's Motion for Recusal (Doc. 25), filed on July 11, 2023. Therein, he seeks to recuse the Undersigned stating various reasons presented in disorderly fashion, similar to his Complaint, and difficult to understand. (*See generally* Doc. 25). To illustrate, Plaintiff asserts that he is a "living and self-aware man" who seeks to recuse the Undersigned for "deliberately" violating Plaintiff's "personal liberties in the past. . ." among other reasons. (Doc. 25, at 2–3). For reasons stated below, Plaintiff's Motion for Recusal (Doc. 25) is **DENIED**.

First, the Court notes that Plaintiff appears to confuse the Undersigned with Judge Lawson, who presided over his earlier lawsuit, when Plaintiff mentions that the Court has somehow "violated" his liberties in the past. *Thomas v. Ga. Dep't of Hum. Res. et al.*, 7:21-CV-142-HL (M.D. Ga. Apr. 18, 2022) ("Thomas I"). In *Thomas I*, Plaintiff also proceeded pro se and made similar Complaints against some of the Defendants, who have also been named in

1

the above-styled case.[1] *Compare*, *Thomas I*, 7:21-CV-142-HL (Doc. 1) *with Thomas v. Governor's Off. State of Ga, et al.*, 7:22-CV-112-WLS ("*Thomas II*") (Doc. 1). Additionally, in *Thomas I*, he also sought to remove Judge Lawson "without cause" and provided no reason for recusal. (*Thomas I,*, Doc. 7). Judge Lawson denied Plaintiff's Motion to Recuse (*Thomas I*, Doc. 7), for the same reason the Court will now **DENY** Plaintiff's Motion to Recuse the Undersigned. (*Thomas II*, Doc. 25).

Under 28 U.S.C. § 455, any "justice, judge, or magistrate judge to the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The Undersigned has no bias or prejudice against Plaintiff, does not personally know Plaintiff, and has no personal knowledge of the subject of Plaintiff's allegations in the above cases.

Under Section 455(a), "challenges to a judge's ordinary efforts at courtroom administration, including judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses, are not sufficient to require a judge to recuse [him]self." *Lomax v. Ruvin*, 476 F. App'x 175, 176 (11th Cir. 2012). The standard under Section 455 is objective and requires a court to inquire whether "an objective, disinterested lay observer fully informed of the facts underlying the

---

[1] Plaintiff Thomas did not serve any of the named Defendants in *Thomas I*. (*See generally* the docket); (*Thomas I*, Doc. 9, at 2). Judge Lawson, in his Order (Doc. 9) which addressed various motions by Plaintiff, stated that he met with Plaintiff on February 23, 2022, to inform the Plaintiff that Defendants had to be served. Judge Lawson noted in his Order that he also addressed deficiencies with Plaintiffs' complaint. (Doc. 9, at 2).

grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 255 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted). The Eleventh Circuit reviews a district court's denial of a motion for recusal for abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).

Here, Plaintiff essentially expresses discontentment with how the Court took about five months to issue an Order (Doc. 7), directing Plaintiff to serve the Defendants, how the Court denied his Motion to Amend Complaint (Doc. 2) after it found Plaintiff's initial pleading and the amended complaint to be shotgun pleadings, which Plaintiff asserts is based on the Undersigned's "vulgar personal opinions" about his Complaint, among others. (Doc. 25, at 2). Plaintiff also makes false, malicious, unsupported, and baseless allegations. Even liberally construing Plaintiff's Motion (Doc. 25), he provides merely his opinions and disgruntlement with the Court's Order (Doc. 7) and its findings therein, while failing to present proper arguments, or evidence to support his baseless allegations, that warrant recusal. (*See* Doc. 25). Thus, Plaintiff's Motion for Recusal (Doc. 25) is **DENIED**. Plaintiff is also warned that false, malicious, and baseless allegations or filings that are not substantively related to his Complaint will be stricken from the record.

**SO ORDERED**, this   14th   day of July 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3