IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LARRY THOMAS : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:22-CV-00112 (WLS) |
| : | |
| GOVERNOR'S OFFICE FOR THE : | |
| STATE OF GEORGIA, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |
| : | |

## ORDER

Before the Court are the following three Motions: Defendants Carlton Powell, as the Sheriff of Thomas County, W.E. Bozeman, the Sheriff of Mitchell County, and the Thomas County Superior Court's ("Sheriffs and Superior Court Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 17), filed on June 13, 2023; and Defendants Laboratory Corporation of America, Pamela Dann, Dr. Melanie Trapani, and Sabrina Williams' ("Labcorp Defendants") Motion for Extension of Time to File Answer (Doc. 33); and Plaintiff's Motion for Extension of Time to Serve all Defendants (Doc. 35).

## RELEVANT PROCEDURAL HISTORY

Initially, Plaintiff filed a thirty-one-page-shotgun-Complaint (Doc. 1) on October 18, 2022, in the above-styled action. About two months later, Plaintiff filed a Motion to Amend (Doc. 2) and attached a thirty-two-page pleading to it. At that time, Plaintiff had not served the Defendants in this case. (Doc. 7, at 1).

Subsequently, the Court issued an Order (Doc. 7) denying without prejudice Plaintiff's Motion to Amend (Doc. 2) while addressing other motions that had been filed by

1

Plaintiff. In that Order (Doc. 7), the Court first pointed out that Plaintiff had not served summons and his Complaint to Defendants. (Doc. 7, at 2). Thus, the Court informed Plaintiff that what appeared to be most imperative at the stage of his lawsuit was to properly serve Defendants with a copy of his Complaint and summons and then provide proof of that service. (*Id.*) Next, the Court denied without prejudice Plaintiff's Motion to Amend his Complaint (Doc. 2) because an initial review of Plaintiff's complaint showed that it is a shotgun pleading; thus, granting leave would be futile. (*Id.* at 3) (citing to *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (finding that a court is required to freely give leave under Federal Rule of Civil Procedure 15(a)(2) when justice so requires unless there is substantial reason to deny it, such as if the complaint "as amended would still be properly dismissed . . . ."). Although the Court denied without prejudice Plaintiff's Motion to Amend Complaint (Doc. 2), the Court noted that after Plaintiff properly serves Defendants, "Plaintiff will be given another opportunity to file a motion to amend his complaint with the current deficiencies corrected." (*Id.*) Without the granted extension and perfected service, Plaintiff's Complaint was subject to dismissal for failure to serve. On June 12, 2023, Plaintiff issued summons as to Defendants. (Doc. 14).

On June 13, 2023, the Sheriffs and the Superior Court Defendants filed the instant Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). (Doc. 17). On June 30, 2023, Plaintiff filed an Amended Complaint (Doc. 20), which consists of fifty-four pages. Thereafter, Plaintiff unilaterally filed four, additional amended complaints (Docs. 23; 26; 29; 30) within five days.

2

On July 13, 2023, the Sheriffs and the Superior Court Defendants re-filed a Motion to Dismiss for Failure to State a Claim (Doc. 32), indicating that they consider Plaintiff's First Amended Complaint (Doc. 20) to be the operative complaint under Federal Rule of Civil Procedure 15, but that they are not entirely sure due to Plaintiffs' several amended complaints. (Doc. 32-1, at 2). That same day, Defendants DNA Solutions, James Anstead, Brandi Bacon, and Thomas Kupiecs ("Oklahoma Defendants") also filed an Omnibus Motion to Dismiss (Doc. 31).

On July 14, 2023, Labcorp Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. 33) until and including Friday, August 4, 2023. (Doc. 33, at 2). That same day, Plaintiff filed a Motion for Extension of Time to Serve all Defendants (Doc. 35). Therein, Plaintiff requests an extension of time of "only 14 days" because one defendant has not bee properly served. (*Id.*)

## DISCUSSION

First, the Court finds that because the Sheriffs and Superior Court Defendants have properly re-filed their Motion to Dismiss (Doc. 32) due to Plaintiff's Amended Complaint (Doc. 20), their earlier Motion to Dismiss (Doc. 17) is now **DISMISSED as MOOT**. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 2010, 1215 (11th Cir. 2006). Accordingly, the Court shall provide below a notice to the pro se Plaintiff about filing a response to the Sheriffs and Superior Court Defendants' Motion to Dismiss (Doc. 32) as well as Oklahoma Defendants' Motion to Dismiss (Doc. 31). Additionally, for reasons further stated below and for purposes of clarity to all Parties, Plaintiff's First Amended Complaint (Doc. 20) is now the operative complaint. Thus, Plaintiffs' additional amended complaints (Docs. 23; 26; 29;

3

30), which he unilaterally filed without the Court's approval or written consent of any Defendant, are **STRICKEN without prejudice**.

Second, for reasons stated below, Labcorp Defendants' Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. 33) is **GRANTED**.

Third and lastly, Plaintiff's Motion for Extension of Time to Serve Defendants (Doc. 35) is **GRANTED**.

> **I. Plaintiff's First Amended Complaint (Doc. 20) is the Operative Complaint; Thus, the Sheriff and Superior Court Defendants' Prior Motion to Dismiss (Doc. 17) is Now Dismissed as Moot, and Plaintiff's Additional Amended Motions are Stricken.**

Federal Rule of Civil Procedure 15(a)(1) provides for amendment of a pleading as a matter of course. It states:

> A party may amend its pleading <u>once</u> as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1) (emphasis added).

Here, Plaintiff issued and served summons on June 12, 2023 (Doc. 14). The Sheriffs and Superior Court Defendants filed a Motion to Dismiss under 12(b)(6) (Doc. 17) on June 13, 2023. A few days later, Plaintiff filed the instant Amended Complaint (Doc. 20) on June 30, 2023. Thus, Plaintiff has filed his Amended Complaint (Doc. 20) as a matter of course <u>once</u>, under Rule 15(a)(1). Hence, the Amended Complaint (Doc. 20) now supersedes the

4

original complaint.[1] *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 2010, 1215 (11th Cir. 2006). Thus, Amended Complaint (Doc. 20) is now the operative complaint. Accordingly, this renders Defendants' prior Motion to Dismiss (Doc. 17) **MOOT**, and is, thus, **DISMISSED** as **MOOT**. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 2010, 1215 (11th Cir. 2006).

In addition, the docket shows that after twelve (12) days of filing his Amended Complaint (Doc. 20), Plaintiff filed four (4) additional Amended Complaints (Docs. 23; 26; 29; 30) within a five-day period. Specifically, seven days after filing his First Amended Complaint (Doc. 20), on July 7, 2023, Plaintiff filed a Second Amended Complaint (Doc. 23); four days after filing the Second Amended Complaint (Doc. 23), on July 11, 2023, Plaintiff filed both Third and Fourth Amended Complaint (Docs. 26; 29); one day after filing the Third and Fourth Amended Complaints (Docs 26; 29), on July 12, 2023, Plaintiff filed his Fifth Amended Complaint[2] (Doc. 30).

However, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Here, according to the docket and review of relevant record, the Court finds that Plaintiff has not obtained Defendants' written consent to file additional amended complaints nor sought permission

---

[1] Therefore, the Amended Complaint (Doc. 20) renders moot Defendant's Motion to Dismiss (Doc. 17). *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 2010, 1215 (11th Cir. 2006).

[2] Docket 30 is titled as "NOTICE List of Defendants and Requested Relief." But after viewing the document, it appears to be another amended complaint because he seeks to add five (5) more Defendants—which sums up to a total of eighty-one (81) Defendants in the above-styled action—and Docket 30 includes amended claim for relief sought. (Doc. 30).

for leave from the Court to file an amended complaint. Therefore, Plaintiff's four additional amended complaints (Docs. 23; 26; 29; 30) are not permitted, and therefore, are **STRICKEN without prejudice.**

Furthermore, with the First Amended Complaint (Doc. 20) being the operative complaint, the Court notes that, pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff may not continue to file amended complaints with new claims, request for relief, and new defendants, without either obtaining a written consent from Defendants or obtaining permission for leave from the Court. FED. R. CIV. P. 15(a)(2). Plaintiff is so noticed. Without such consent or leave, the Clerk of the Court shall not docket such purported amendments.

### NOTICE to File a Response in Twenty-One (21) Days to Defendants' Motions to Dismiss (Docs. 31; 32)

The Sheriffs and Superior Court Defendants and Oklahoma Defendants filed their Motions to Dismiss on July 13, 2023. (Docs. 31; 32). When considering a motion to dismiss, the Court accepts as true all facts set forth in the plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Twombly*, 550 U.S. at 556. However, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the Plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his response to Defendants' Motions (Docs. 31; 32) to this Court by filing a brief in opposition to Defendants' Motions to Dismiss. (Docs. 31; 32). No brief should exceed twenty (20) pages without the Court's prior permission. M.D. Ga. L.R. 7.4

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN DEFENDANT'S STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment, and there would be no trial or further proceedings as to the moving Defendant. Accordingly, Plaintiff is **NOTIFIED** of his right to submit a response brief. If Plaintiff fails to file a brief in opposition to the Motion to Dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Any response, affidavits and/or other documents in support, must be filed **WITHIN 21 DAYS** of this Order. FED. R. CIV. P. 15(a)(1)(B); M.D. GA. L.R. 7.2.

Additionally, Plaintiff is **ORDERED AND DIRECTED** to file any desired response to said **MOTION(S) TO DISMISS WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS ORDER**. Thereafter, the Court will consider Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

7

## II. Labcorp Defendants' Motion for Extension of Time to File (Doc. 33) Is GRANTED.

On July 14, 2023, Labcorp Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc. 33) until and including Friday, August 4, 2023, which is twenty-one (21) additional days. Therein, Labcorp Defendants contend that, although the docket shows that Plaintiff has attempted to serve Defendants, Plaintiff has not filed a proof of service as to one of the Labcorp Defendants, Dr. Melanie Trapani. (Doc. 33, at 2). Therefore, Labcorp Defendants state that they need additional time to determine if proper service was performed and to determine if meritorious defenses exist. (*Id.*)

Pertinent to the instant Motion (Doc. 33), Federal Rule of Civil Procedure 12(a) provides that a defendant must serve an answer within twenty-one (21) days after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1)(A)(i). Here, the docket shows that Plaintiff served Laboratory Corporation on June 30, 2023. (Doc. 19). Twenty-one (21) days from June 30, 2023, would be Friday, July 21, 2023, which is the deadline for Labcorp Defendants to serve an answer.

Additionally, Federal Rule of Civil Procedure 6(b)(1) provides:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

  (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or,

  (B) On motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(A)-(B).

Here, Lapcorp Defendants request an extension of time to file an answer in a timely manner, before the expiration of their original deadline to file an answer.  For reasons stated

8

therein and for good cause shown, the Court hereby **GRANTS** Labcorp Defendants' Motion for Extension of Time (Doc. 33). Accordingly, Labcorp Defendants may file their answer or otherwise respond to Plaintiff's First Amended Complaint (Doc. 20) until and including **Friday, August 4, 2023**.

### III. Plaintiff's Motion for Extension of Time to Serve Additional Defendant (Doc. 35) is GRANTED.

Previously, the Court granted-in-part Plaintiff's request for extension of time to serve Defendants, and permitted him to serve Defendants within sixty (60) days after entry of the Court's Order granting his request, which is July 11, 2023. (Doc. 10).

On July 14, 2023, Plaintiff filed the instant Motion for Extension of Time to Serve All Defendants (Doc. 35). Plaintiff states that "[d]ue to technicalities by a few process [sic] of services . . . all defendants but one has been properly served" and that he requests for an "extension of time of only 14 days." (Doc. 35).

Federal Rule of Civil Procedure 4(m) provides that if a plaintiff shows good cause for failure to timely serve the defendant, the court must extend the time for service for an appropriate period. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting FED. R. CIV. P. 4(m)). Here, because Plaintiff is proceeding pro se and because the record shows that Plaintiff effected service on Defendants soon after the Court previously granted extension of time to serve Defendants (Doc. 10), Plaintiff's Motion for Extension of Time to Serve (Doc. 35) is **GRANTED**. Accordingly, Plaintiff shall have **fourteen (14) days** after entry of this Order to serve Defendant(s).

## **CONCLUSION**

In sum, the Sheriffs and Superior Court Defendants' prior Motion to Dismiss (Doc. 17) is **DISMISSED as Moot.** Plaintiff's First Amended Complaint (Doc. 20) is the operative complaint. Accordingly, Plaintiff's four (4) additional Amended Complaints (Docs. 23; 26; 29; 30) are **STRICKEN**. Plaintiff may not file[3] additional amended complaints, which may add or amend claims, claims for relief, or defendants, without first complying with Rule 15(a)(2). FED. R. CIV. P. 15(a)(2). Accordingly, the Clerk of Court is **DIRECTED** not to file any purported additional amended complaints from Plaintiff, unless it is a motion for leave from the Court to file an amended complaint or a written consent from Defendants as to Plaintiff filing an amended complaint. *See* FED. R. CIV. P. 15(a)(2).

Furthermore, Plaintiff has been **NOTIFIED** of his right to submit a response brief to Defendants' Motions to Dismiss. (Docs. 31; 32). As noted above, if Plaintiff fails to file a brief in opposition to Defendants' Motions to Dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Any response, including any affidavits and/or other documents in support, must be filed **WITHIN 21 DAYS** of entry of this Order. FED. R. CIV. P. 15(a)(1); M.D. GA. L.R. 7.2.

Additionally, Labcorp Defendants' Motion for Extension of Time to File Answer (Doc. 33) is **GRANTED**, and they shall have until and up to **Friday, August 4, 2023**, to file their answer or response to Plaintiff's Complaint (Doc. 20).

---

[3] The Court has been informed by the Clerk's Office again that Plaintiff continues to show up and demand that his amended complaints be filed and that the Clerk add new defendants to the lawsuit. The Court notes that Plaintiff has been informed about the general and appropriate conduct and interactions with the Clerk's Office in its recent Order (Doc. 27).

Lastly, Plaintiff's Motion for Extension of Time to Serve Defendants (Doc. 35) is **GRANTED**. Plaintiff may serve the remaining Defendant(s) within **fourteen (14) days** after entry of this Order. No further extension of time to perfect service will be granted, except to prevent manifest injustice upon timely written motions for good cause shown upon grounds not reasonably foreseeable or avoidable.

**SO ORDERED**, this  17th  day of July 2023.

                                                 */s/ W. Louis Sands*
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATES DISTRICT COURT**