IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:22-CV-00112 (WLS) |
| | : | |
| GOVERNOR'S OFFICE FOR THE | : | |
| STATE OF GEORGIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## **ORDER**

On July 20, 2023, Defendants the State of Georgia and twenty-five (25) other Defendants ("State of Georgia Defendants") filed a Motion to Dismiss (Doc. 40) and a Motion to Stay (Doc. 41).

Previously, when the Labcorp Defendants filed their Motion to Dismiss (Doc. 31) and the Sheriffs and Superior Court Defendants filed their Motion to Dismiss (Doc. 32) on July 13, 2023, the Court provided an Order (Doc. 38), which provided notice to Plaintiff, proceeding pro se, about how Plaintiff may file a response in twenty-one (21) days to these Motions to Dismiss. (Doc. 38, at 6–7).

Similarly, here, the Court issues this Order, in an effort to afford the pro se Plaintiff an adequate notice so that he may respond to the State of Georgia Defendants' Motions. (Docs. 40; 41). *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

1

I.    **NOTICE to File a Response in Twenty-One (21) Days**
      **to the State of Georgia Defendants' Motion to Dismiss (Doc. 40)**

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's Motion to Dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. GA. L.R. 7.4.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN DEFENDANTS' STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment, and there would be no trial or further proceedings as to the moving Defendant. Accordingly, Plaintiff is **NOTIFIED** of his right to submit a response brief. If Plaintiff fails to file a brief in opposition to the Motion to Dismiss, a final judgment may be rendered against him if otherwise appropriate under law.

Further, since there are multiple separate motions to dismiss, Plaintiff's responses shall also be separate, addressing each motion. Plaintiff may not file a combined, single response. Any response, affidavits and/or other documents in support, must be filed **WITHIN 21 DAYS** of this Order. FED. R. CIV. P. 15(a)(1)(B); M.D. GA. L.R. 7.2.

Additionally, Plaintiff is **ORDERED AND DIRECTED** to file any desired response to said **MOTION(S) TO DISMISS (Docs. 31; 32; 40) WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS ORDER**. Thereafter, the Court will consider Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

## II.  NOTICE to File a Response in Twenty-One (21) Days to the State of Georgia Defendants' Motion to Stay (Doc. 41)

The State of Georgia Defendants filed a Motion to Stay Discovery (Doc. 41) pending the resolution of their Motion to Dismiss (Doc. 40). The State of Georgia Defendants state that other Defendants in this action have also filed a motion to dismiss the claims on the basis of an impermissible shotgun pleading, insufficient process, insufficient service of process, the lack of personal jurisdiction, the Eleventh Amendment and sovereign immunity, the statute of limitations, among other grounds asserted. (Doc. 41-1, at 2). As such, the State of Georgia Defendants contend that when a pending motion challenges the legal sufficiency of a claim, discovery should be stayed until the motion is resolved, and that a district court has broad discretion to manage and limit discovery, particularly when the burden or expense of the proposed discovery outweighs its likely benefit. (*Id.* at 2–3). *See* FED. R. CIV. P. 26(b)(1); FED. R. CIV. P. 26(b)(2)(C)(iii); FED. R. CIV. P. 26(d)(3); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).

Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's Motion to Stay. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. GA. L.R. 7.4. Accordingly, Plaintiff is **NOTIFIED** of his right to submit a response brief. If Plaintiff fails to file a brief in opposition, the Court may consider Defendants' Motion (Doc. 41) and stay discovery, if otherwise appropriate under law. Any response, affidavits and/or other documents in support, must be filed **WITHIN 21 DAYS** of this Order. M.D. GA. L.R. 7.2.

**SO ORDERED**, this _24th_ day of July 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**