IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:22-CV-00112 (WLS) |
| | : | |
| GOVERNOR'S OFFICE FOR THE STATE OF GEORGIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Response (Doc. 50) to the Court's Order. Therein, Plaintiff states the Order contains "lies from the Clerk of Court," among other various statements, such as how it is inconvenient for him to drive to the Courthouse and to deal with 52 Defendants.[1] (Doc. 50). Plaintiff also states that the Clerk is denying him of his constitutional rights because they will not docket his additional, amended Complaints. (*Id.*) He also requests the Court to "discipline the Clerk," and if not, Plaintiff states that he can "find other means." (*Id.*) The Court issues this Order to address Plaintiff's pertinent allegations and statements.

At the outset, the Court notes that Plaintiff does not specify which Order he is responding to. However, based on his Response (Doc. 50), the Court finds and assumes that Plaintiff is referring to the Order (Doc. 27), which notified Plaintiff, proceeding pro se, about the appropriate, general conduct and interaction with the Clerk's office. In that Order (Doc. 27), the Court notified and informed Plaintiff about the Clerk's capacity as well as how his pro se status does not permit him to engage in harassment or improper behavior. The

---

[1] Plaintiff's stated burden of having to deal with 52 Defendants is belied by his choice to file his Complaint and proceed against the 52 individuals. As stated in a prior Order (Doc. 10), it is Plaintiff's responsibility to prosecute his Complaint that he chose to file and take all proper steps necessary to do so. *See* FED. R. CIV. P. 41(b); *see also Brown v. Tallahasse Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006).

1

Court now addresses some of Plaintiff's statements and allegations contained in his Response (Doc. 50).

First, the Court notes that Clerks are not at liberty to docket all amended Complaints or documents that Plaintiff wants them to docket. The Court previously issued an Order (Doc. 38) striking Plaintiff's four additional amended Complaints that he unilaterally docketed, after establishing and making clear that Plaintiff's First Amended Complaint (Doc. 20) is the operative complaint. In that Order (Doc. 38), the Court also directed the Clerk to not file any purported additional amended complaints from Plaintiff, unless it is a motion for leave from the Court or a written consent from Defendants. (*Id.*) Therefore, the Court informs Plaintiff that the Clerk's denial of docketing his various documents pursuant to the Court Order does not and cannot constitute "unconstitutional injury," as Plaintiff alleges. (Doc. 50, at 2). To put differently, the Clerk was ordered, pursuant to the Court's Order based on Federal Rules of Civil Procedure, that no further additional amended Complaints could be docketed unless it is a motion for leave from the Court or a written consent from Defendants. To allow such filings would be a violation of the Federal Rules of Civil Procedure, as Plaintiff was clearly informed. (*See* Doc. 38).

In addition, the Court had issued another Order (Doc. 36), denying Plaintiff's Motion for Recusal (Doc. 25). In that Order (Doc. 36), the Court noted how Plaintiff made false, malicious, and baseless allegations and also warned Plaintiff that if he made further false, malicious, and unsupported allegations or filings that are not substantively related to his Complaint, then such documents will be stricken from the record. (Doc. 36, at 3). Here, the Court finds Plaintiff's Response (Doc. 50) makes another malicious and baseless allegation. To be clear, the filing, which is apparently a response to the Court's Order, is not in itself improper. However, it is the non-substantive inclusions that is the problem. Here, Plaintiff accuses the Clerk of inflicting "unconstitutional injury" to him for following the Court's direction.

Second, the Court finds Plaintiff's request—the Court "discipline the Clerk," and "if not, the Plaintiff can find other means"—can be interpreted as a vague but intentional threat against the Clerk. (Doc. 50, at 3). The Court again refers to its Order (Doc. 27) that notified and informed the Plaintiff as to his previous behaviors towards the Clerk of this Court. In

2

that Order, the Court informed Plaintiff not to engage in harassment or improper behavior against the Clerk or the Court's employees. (Doc. 27, at 2). The Court also notified Plaintiff about the possible consequences of such behavior, which are aimed to deter inappropriate and unprofessional conducts and document filings. (*Id.* at 3). Plaintiff is notified once more not to threaten or "find other means" to "discipline the Clerk" (Doc. 50, at 3) or the Court's employees, not consistent with the United States Constitution, federal statutes, federal rules, and this Court's Local Rules. If Plaintiff proceeds to take such "other means," as noted, against the Clerk, the Plaintiff shall be sanctioned. (*See* Doc. 27). The Court shall no longer tolerate or exercise its patience over such noticed improper conduct towards the Clerk or its employees. Pro Se Plaintiff is so informed and **ORDERED** to comply and conform his conduct. (*See* Doc. 27).

**SO ORDERED**, this  2nd  day of August 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3