IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

LARRY THOMAS                           :
                                       :
    Plaintiff,                         :
                                       :
v.                                     :        CASE NO.:  7:22-CV-00112 (WLS)
                                       :
GOVERNOR'S OFFICE FOR THE              :
STATE OF GEORGIA, *et al.*,            :
                                       :
    Defendants.                        :
                                       :
_____:

### ORDER

On September 13, 2023, Defendant Stephen Milligan filed a Motion to Dismiss (Doc. 86). The following day, Defendants Tru Care Labs, Carrie Noris, and Heather Harnage ("Defendants Tru Care Labs") filed their Motion to Dismiss (Doc. 87).

Because the Court has issued Orders which provided notice to Plaintiff, who is proceeding pro se, about how he may file a response to motions to dismiss and motions to stay, the Court shall provide similar notice to Plaintiff as to these Motions to Dismiss (Docs. 86 & 87) so that Plaintiff may respond to them. (Docs. 86 &87) (*See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

### NOTICE to File a Response in Twenty-One (21) Days to Defendants Tru Care Labs & Defendant Milligan's Motions to Dismiss (Docs. 86 & 87).

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against

it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendants' Motions to Dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. GA. L.R. 7.4.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN DEFENDANTS' STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment, and there would be no trial or further proceedings as to the moving Defendant. Accordingly, Plaintiff is **NOTIFIED** of his right to submit a response brief. If Plaintiff fails to file a brief in opposition to the Motion to Dismiss, a final judgment may be rendered against him if otherwise appropriate under law.

As previously noted in prior Orders, because there are multiple separate motions to dismiss, Plaintiff's responses shall also be separate, addressing each motion. That is, Plaintiff may not file a combined, single response. Any response, affidavits and/or other documents in support, must be filed **WITHIN 21 DAYS** of this Order. FED. R. CIV. P. 15(a)(1)(B); M.D. GA. L.R. 7.2.

Additionally, Plaintiff is **ORDERED AND DIRECTED** to file any desired, separate response to Defendants' **MOTIONS TO DISMISS (Docs. 86 & 87) WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF THIS ORDER**. Thereafter, the Court will consider Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

**SO ORDERED**, this ___15th___ day of September 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**